Whetaker, Judge,
delivered the opinion of the court:
The facts are fully set out in the findings. They show that the plaintiffs were removed from their reservation in Minnesota to the reservation at Usher’s Landing because, in the opinion of the Congress, this was thought to be for their best 'interest. Congress, acting as the guardian of an Indian Tribe, has the power to take from it one reservation and to give to it another, if it thinks that this is for its best interest, and in the absence of express Congressional authorization this Court has not the power to determine whether or not just compensation was paid for the one taken. We went into this entire question in great detail in an opinion rendered through Judge Littleton in the case of Sioux Tribe of Indians v. The United States, No. C-531-(Y), decided June 1, 1942. In that opinion the .whole question was carefully and exhaustively discussed. The decision in that case is determinative of the case at bar. (97 C. Cls. 613; certiorari denied, 318 U. S. 789.)
Congress in the jurisdictional Act in this case has not •conferred upon us authority to determine whether or not just compensation has been paid for the lands taken. It -confers jurisdiction on us to render judgment “in any and -all legal and equitable claims arising under or growing out -of the treaty of February 27, 1855, * * * and the Act of February 21, 1863.” No legal or equitable liability was incurred by the defendant when, under the authority of this Act of Congress, these Indians were removed from their old reservation and settled upon another.
We might say, in passing, that it appears that this tribe has been treated fairly, if not generously.
On the authority of the Sioux case cited above, plaintiff’s petition will be dismissed. It is so ordered.
Madden, Judge; Jones, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.